**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

Noah John Ruiz,

Plaintiff,

v.

Albert Flores, Dennis Frank, Deborah French, Mark Jenkins, Shane Kensey, Vince Villegas, Rey Morelos, State of California, Department of Corrections and Rehabilitation and Does 1-25, inclusive,

Defendants.

______________________________________/

1:14-cv-00179-AWI-SMS

**ORDER RE: MOTION TO DISMISS CROSS-CLAIM**

(Doc. # 53)

## I. INTRODUCTION

Defendants California Department of Corrections and Rehabilitation (CDCR) and Morelos filed a motion to dismiss Defendants Flores's and French's cross-claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For reasons discussed below, the motion to dismiss will be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

Noah Ruiz (Plaintiff) brought a claim under 42 U.S.C. Section 1983 against Defendants CDCR, Morelos, Flores, Frank, French, Jenkins, Kensey, Villegas, and Does 1-25. Defendants Flores and French (Cross-claimants) filed a claim for indemnity with the California Victim Compensation and Government Claims Board (Board) against Defendants CDCR and Morelos (Cross-defendants) on June 26, 2014. The Board denied the claim on August 29, 2014. On April

10, 2015 Cross-claimants answered Plaintiff's complaint and brought a cross-claim against Cross-defendants for indemnification, contribution and declaratory relief. On April 17, 2015 the CDCR and Morelos filed this motion to dismiss Cross-claimants' cross-claim arguing the claim is time barred for failure to file within the six-month window created by the Government Claims Act which closed on March 2, 2015. On May 4, Cross-claimants filed an opposition to the motion to dismiss.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If it is apparent on the face of the complaint that the statute of limitations has run, a claim may be dismissed under Rule 12(b)(6). *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). A claim can only be dismissed it if "appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESP*, 393 F.3d 1068, 1072 (9th Cir. 2005). It is rarely appropriate to grant a Rule 12(b)(6) motion if equitable tolling is at issue because the applicability of equitable tolling generally depends on matters outside of the pleadings. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006).

## IV. DISCUSSION

Under the Government Claims Act a party has six months to file a court action after the Board rejects its claim.[1] Cal. Gov't Code § 945.6 (West 2015); *Pedigo v. Cnty. of Los Angeles*, 24 F. App'x 779, 784 (9th Cir. 2001). The deadline for filing a lawsuit under the Government Claims Act is a true statute of limitations. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209

[1] In 2007, the California Supreme Court adopted the practice of referring to California Government Code Section 900 *et seq*. as the "Government Claims Act" rather than the "Tort Claims Act." *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 734 (2007). For consistency, this Court will refer to Government Code Section 900 *et seq.* as the Government Claims Act.

(2007). Strict compliance with the six-month period is required. *Arres v. City of Fresno*, 2011 WL 284971, at *20 (E.D. Cal. Jan. 26, 2011).

The Board denied Cross-claimants' claim on August 29, 2014. Under California Government Code Section 945.6 Cross-claimants had until March 2, 2015 to file a court action against Cross-defendants. Cross-claimants brought their claim on April 10, 2015 when they filed an answer to Plaintiff's complaint. April 10, 2015 is after the six month period ended. All parties acknowledge the cross-claim was filed after the statute of limitations expired. Unless Cross-claimants are entitled to equitable tolling their cross-claim is time barred.

Federal courts apply the equitable tolling laws of the forum state. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Equitable tolling applies to the six month limitations period of the Government Claims Act. *Addison v. State of California*, 21 Cal. 3d 313, 321 (1978)(holding that the six month period was equitably tolled while a federal suit was pending). Equitable tolling is a nonstatutory doctrine that was judicially created. *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99 (2008). The purpose of equitable tolling is to prevent technical forfeitures of a plaintiff's right to a trial on the merits when the purpose of the statute of limitations has been satisfied. *Id*. The purpose of statutes of limitations is to provide the defendant with timely notice of a plaintiff's claims. *Id*. The doctrine of equitable tolling suspends the statute of limitations to ensure that adherence to a statute of limitations does not come at the expense of fairness. *See Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (2003).

Equitable tolling has three elements: (1) timely notice; (2) defendant will not be prejudiced; and (3) reasonable and good faith conduct on the part of the plaintiff. *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). When determining whether to apply equitable tolling, injustice to the plaintiff must be balanced against the purpose of the Government Claims Act. *Addison v. State of California*, 21 Cal. 3d 313, 321 (1978). The purpose of the Government Claims Act is to ensure prompt resolution of claims. *Id*.

<u>Timely Notice</u>

Notice is timely if it is given within the statutory period and alerts the defendant of the need to begin investigating the facts that form the basis of the second claim. *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (Cal. Ct. App. 1983). Here, Cross-claimants timely filed their claim with the Board which gave timely notice to Cross-defendants. The filing of the claim with the Board notified Cross-defendants of the need to begin investigating the facts forming the basis of the claim for indemnity.

Prejudice to Cross-defendants

The defendant will not be prejudiced if the defendant's "investigation of the first claim will put him in a position to fairly defend the second." *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1138 (9th Cir. 2001). Cross-defendants were notified of Cross-claimants' intention to seek contribution, indemnity, and declaratory relief. Based on the notification Cross-defendants were able to begin investigating the claim and were put in a position to fairly defend themselves once the claim was brought. Cross-defendants were not surprised when Cross-claimants brought their cross-claim. In their reply to Cross-claimants' opposition memorandum, Cross-defendants do not argue that notice was not timely or that they would be prejudiced. Instead, the main issue seems to be whether Cross-claimants behaved in a reasonable manner.

Reasonable Conduct in Good Faith

The third element, that the party seeking equitable tolling acted in a reasonable manner and in good faith, is not well defined by courts. *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1138 (9th Cir. 2001). "Equitable tolling is not available to a plaintiff whose conduct evidences an intent to delay disposition of the case without good cause." *Mitchell v. Frank R. Howard Mem'l Hosp.*, 6 Cal. App. 4th 1396, 1407 (1992). Typically, courts will not find good faith if the party seeking equitable tolling trifled with the courts or the other party. *Mojica v. 4311 Wilshire, LLC*, 131 Cal. App. 4th 1069, 1074 (Cal. Ct. App. 2005).

*Whether Cross-claimants acted in a reasonable manner*

Rule 13 states, "a pleading may state as a crossclaim any claim by one party against a coparty." Fed. R. Civ. P. 13(g). A court in this district has stated that cross-claims should be asserted through an answer. *Soto v. Greyhound Lines, Inc.*, 2008 WL 4775911, at *1 (E.D. Cal. Oct. 28, 2008). In *Robben* the court determined that Rule 13 requires a counterclaim to be asserted in an answer because the Rules do not provide for the possibility of filing a "cross-complaint." *Robben v. Justin*, 2013 WL 2103623, at *2 (E.D. Cal. May 14, 2013). The court in *Primerica* held that counterclaims were not pleadings since they are not listed under Rule 7(a) and as such they cannot be asserted independently. *Primerica Life Ins. Co. v. Davila*, 2011 WL 643395, at *3 (E.D. Cal. Feb. 17, 2011)(citing Fed. R. Civ. P. 7(a)). Cross-claims are also not listed as a document constituting a pleading under Rule 7(a). *See* Fed. R. Civ. P. 7(a). Although *Robben* and *Primerica* specifically address whether counterclaims can be asserted independently, their reasoning is applicable to filing cross-claims.[2] Based on how courts in this district have interpreted Rule 13, it was reasonable for Cross-claimants to conclude that cross-claims must be asserted in an answer.

Although nothing in the Federal Rules specifically prevented Cross-claimants from filing their answer with the cross-claim while their motion was pending it was reasonable for them to wait. Rule 12(a)(4) gives a party fourteen days to file an answer after the court denies a motion to dismiss. Fed. R. Civ. P. 12(a)(4). In *Gamble* a Nevada court noted that the majority of courts in this Circuit interpret Rule 12(a)(4) to suspend the time to answer claims and counterclaims that are not subject to a motion to dismiss. *Gamble v. Boyd Gaming Corp.*, 2014 WL 1331034, at *3 (D. Nev. Apr. 1, 2014). The *Gamble* court held that, "a timely filed motion to dismiss which addresses only some of the claims tolls the time to respond to the remaining claims under Rule 12(a)(4)." *Id*. at 4. The rationale behind this reasoning is that it conserves the resources of the court by avoiding multiple responses to the same pleading. *Id*. It was reasonable for Cross-claimants to wait until the motion to dismiss was ruled on before filing their answer. Under Rule

[2] This Court does not decide whether the Federal Rules actually require cross-claims to be filed with an answer or other pleading.

12(a)(4) Cross-claimants had fourteen days to file an answer after their motion was denied. It was reasonable for Cross-claimants to believe they could wait to file their answer until after the motion to dismiss was decided. While filing an answer before the motion was decided would not have affected the motion to dismiss, multiple responses to the same pleading would have put an unnecessary burden on the Court.

*Whether Cross-claimants acted in Good Faith*

"Good faith" has not been clearly defined by courts. *Ervin v. Los Angeles Cnty.*, 848 F.2d 1018, 1020 (9th Cir. 1988)(finding that appellant's unwarranted delay in filing her claim did not constitute good faith). In *Thomas* the court did not apply equitable tolling because the attorney had not acted in a reasonable manner with good faith. *Thomas v. Gilliland*, 95 Cal. App. 4th 427, 435-36 (Cal. Ct. App. 2002). The attorney had dismissed the first action and then refiled the claim to get a more convenient trial date. *Id*. The court held that refiling an action to get a more convenient trial date did not constitute reasonable conduct in good faith. *Id*. In *Hernandez* the Ninth Circuit found the plaintiffs met the first two elements required for equitable tolling. *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998). But, the court concluded that the third element was not met because the plaintiffs had engaged in judge-shopping which was not reasonable conduct in good faith. *Id*. In *Meyer* the plaintiff attempted to use procedural maneuvering to gain a tactical advantage. *Meyer v. California Int'l Chem. Co.*, 168 F.3d 500 (9th Cir. 1998). The court determined that procedural maneuvering in hopes of avoiding security undertakings in a federal forum did not amount to reasonable conduct in good faith. *Id*. In all of those instances, the party seeking tolling abused the procedural rules for some tactical advantage.

Here, Cross-claimants did not delay filing their answer to gain a tactical advantage. Unlike the plaintiffs in cases where courts have failed to find good faith, Cross-claimants have not attempted to forum-shop or judge-shop by delaying the filing of their answer. The delay was also not unwarranted because Cross-claimants reasonably believed they had to wait to file their answer. Cross-claimants did not intentionally trifle with the court or Cross-defendants. Instead,

they waited to bring their cross-claim with the reasonable good faith belief that they could not bring it sooner.[3]

The purpose of the Government Claims Act is to ensure that claims are promptly resolved. That goal is not frustrated by Cross-claimants bringing their claim about a month after the sixth-month period expired. Therefore, the purpose of the Government Claims Act does not outweigh the injustice to Cross-claimants if they are prohibited from bringing their claim.

As a result of equitable tolling, the limitations period stops running during the tolling event. *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (2003). Once the tolling event is concluded the limitations period starts running again. *Id*. The tolled interval is tacked onto the end of the limitations period. *Graham v. Runnels*, 2009 WL 2407690, at *8 (E.D. Cal. Aug. 4, 2009) *report and recommendation adopted*, 2009 WL 2948526 (E.D. Cal. Sept. 14, 2009).

The tolling period in this case is the time the motion to dismiss was pending. The motion to dismiss was filed on June 30, 2014 and the court issued its order on March 4, 2015. This time period is tacked onto the end of the limitations period extending the time for Cross-claimants to file their claim well past April 10, 2015. Since Cross-claimants brought their claim within the limitations period their cross-claim is not time barred.

## V. DISPOSITION

Defendants CDCR's and Morelos's motion to dismiss the cross-claim against them pursuant to Rule 12(b)(6) is DENIED.

IT IS SO ORDERED.

Dated: June 12, 2015

SENIOR DISTRICT JUDGE

[3] The Court is disinclined to hold Cross-claimants responsible for the Court's delay in ruling on the motion to dismiss. Due to this Court's heavy caseload the motion to dismiss was not ruled on until after the statute of limitations expired. Equity weighs against dismissal of Flores's and French's cross-claim as untimely.